UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>    *Plaintiff-Appellee,*

v.

PABLO EMILIO RODRIGUEZ, III,
>    *Defendant-Appellant.*

No. 03-4438

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-160)

Submitted: December 19, 2003

Decided: April 1, 2004

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert H. Hale, Jr., LAW OFFICE OF ROBERT H. HALE, JR., Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Pablo Emilio Rodriguez, III, was convicted of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2000). Rodriguez appeals his conviction and sentence as to both counts. Finding no reversible error, we affirm.

Rodriguez first contends the district court erred in denying his Fed. R. Crim. P. 29 motion to dismiss due to insufficient evidence on the element of possession. In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). "[W]e have defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

In evaluating the sufficiency of the evidence, this Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Where the evidence supports differing reasonable conclusions, the jury decides which interpretation to believe. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997) (quotations omitted).

Although Rodriguez acknowledges the evidence was sufficient for the jury to conclude that he reached into his waistband and threw an object into a dumpster area as he ran away from the police, and a firearm was found in two pieces in that area immediately after he was apprehended, he asserts the evidence did not support a finding beyond

a reasonable doubt that the firearm was the object he had thrown. We disagree. Viewing the evidence presented at trial in the light most favorable to the Government, we conclude it was sufficient to prove Rodriguez's possession of the firearm beyond a reasonable doubt.

Rodriguez next contends that the district court abused its discretion by allowing a police sergeant to testify, over Rodriguez's objection on the ground of hearsay, that the result of the firearm's submission to the laboratory for fingerprint analysis "came back with no fingerprints." The district court excluded the fingerprint report as hearsay, but after hearing argument from both parties, ruled that the sergeant could answer whether he had as a part of his record a positive fingerprint. Prior to admitting the testimony, the district court questioned the Government as to its reasons for offering the evidence, because the evidence did not inculpate Rodriguez and appeared to be cumulative.

The Government was under the impression that Rodriguez had agreed to admission of the testimony without an expert and suggests the evidence only answered the question of why the results of the fingerprint examination were not presented to the jury. Although Rodriguez only objected to admission of the sergeant's testimony at trial on the ground of hearsay, on appeal, he contends admission of the evidence also deprived him of the right to confront his accusers in violation of the Sixth Amendment. Conceding that the evidence was not inculpatory, Rodriguez argues that he was denied the opportunity to explore potentially exculpatory evidence.

"Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of discretion." *United States v. Lancaster*, 96 F.3d 734, 744 (4th Cir. 1996). "We will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" *United States v. Moore*, 27 F.3d 969, 974 (4th Cir. 1994) (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)). Moreover, any error "that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).

"In the realm of nonconstitutional error, the appropriate test of harmlessness . . . is whether we can say 'with fair assurance, after

pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). The harmless-error inquiry for admission or exclusion of evidence in violation of the Confrontation Clause of the Sixth Amendment is whether it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 18 (1999); *see also Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) ("[T]he Constitution entitles a criminal defendant to a fair trial, not a perfect one.").

Evidence not offered to prove the truth of the matter asserted therein is not hearsay and does not have to be excluded. Fed. R. Evid. 801(c); *Anderson v. United States*, 417 U.S. 211, 219-20 (1974). It appears that the district court allowed the police sergeant to testify as to the results of the fingerprint report not to prove the truth of the matter asserted therein, i.e., that there were no fingerprints on the weapon, but for the limited purpose of explaining why the Government did not present fingerprint evidence in the case.

We conclude that the district court did not act arbitrarily or irrationally and therefore did not abuse its discretion in admitting this testimony. Moreover, we conclude that the district court's admission of the testimony did not deprive Rodriguez of his rights under the Confrontation Clause of the Sixth Amendment because the evidence was not inculpatory, the police sergeant was the proper witness for cross-examination of the evidence with respect to the limited purpose for which it was admitted, and Rodriguez was not precluded from subpoenaing the fingerprint expert himself to the extent that he sought exculpatory evidence. *See Dutton v. Evans*, 400 U.S. 74, 88 & n.19 (1970); *United States v. Locklear*, 24 F.3d 641, 646 (4th Cir. 1994). Finally, we conclude that even if the district court's admission of the sergeant's testimony were erroneous, such error was harmless because it did not adversely affect Rodriguez's substantial rights, and it is clear beyond a reasonable doubt that a rational jury would have found Rodriguez guilty even if the evidence had been excluded.

Accordingly, we affirm Rodriguez's conviction and sentence. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*